Jonathan B. Nelson, Esq.
Solomon A. Frager, Esq.
**Dorf & Nelson LLP**
555 Theodore Fremd Ave.
Rye, New York 10580
Tel. 914-381-7600
Fax. 914-381-7608
jnelson@dorflaw.com
sfrager@dorflaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                                              :
GLOBAL GOLD CORPORATION,       :       Case No:
                                                              :
                    Petitioners,              :
                                                              :       **PETITION AND COMPLAIN TO**
                                                              :       **CONFIRM ARBITRATION**
          v.                                              :       **AWARD**
                                                              :
AMARANT MINING, LTD., and ALLUVIA
MINING, LTD.,
                                                              :
                    Respondent.            :
_____:

Petitioner Global Gold Corporation (herein, "Global Gold"), by and through their attorneys Dorf & Nelson LLP, respectfully submit the following petition and complaint along with the accompanying Declaration of Solomon A. Frager, Esq. dated May 25, 2018 (the "Frager Decl."), and Memorandum of Law, seeking confirmation of the "Partial Final Award" issued on August 12, 2013, and the "Final Award" issued on June 26, 2014, by Arbitrator Stephen S. Strick (herein, "Arbitrator Strick"), under the rules of the International Centre for Dispute Resolution,

1

American Arbitration Association, bearing ICDR Case No. 50 501 T 00458 13 and ICDR Case No. 50-20-1300-0458.

## PARTIES

1. Global Gold Corporation ("Global Gold) is a Delaware corporation with its principal place of business at 555 Theodore Fremd Avenue, Suite B-203, Rye, New York 10580.

2. Global Gold Corporation is a publicly held corporation and its shares are listed on the over-the-counter bulletin board market under the trading symbol "GBGD."

3. Amarant Mining, Ltd. ("Amarant") is a British Virgin Islands company with its last known place of business at P.O. Box 500399, Building #1, Office #209, Dubai Internet City, Dubai United Arab Emirates, represented by its principal Johan Ulander, who is a resident of Sweden.

4. Alluvia Mining, Ltd. ("Alluvia") is a Jersey company with its last known principal place of business at 28-30 The Parade St., Helier JE1 1EQ, Jersey, Channel Islands United Kingdom, represented by its principal Johan Ulander, who is a resident of Sweden.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

7. This Court has jurisdiction over this action pursuant to the Federal Arbitration Act set forth in 9 U.S.C. §§ 1-14.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

## FORMATION AND TERMS OF THE AMENDED JOINT MEMBERSHIP INTEREST PURCHASE AGREEMENT

9.     On or about December 2, 2011, Global Gold entered into a contract with Amarant Mining, Ltd. ("Amarant") known as the Joint Membership Interest Purchase Agreement ("JM Agreement")[1]. On or about April 13, 2012, the parties entered into an Amended Joint Membership Interest Purchase Agreement, which was subsequently amended by a second Amended Joint Membership Interest Purchase Agreement on or about November 28, 2012 (the "Amended JM Agreements")[2]. The agreements called for the transfer of ownership of certain companies' holding rights in various gold mining properties in Chile.

10.    Thereafter, Amarant assigned its rights in the agreements to Alluvia in consideration of certain payments to be made to Global Gold.  It is undisputed that Alluvia is jointly and severally bound as a successor to Amarant to the terms of the relevant agreements.

11.    On or about May 22, 2013, the parties consented to a Forbearance Agreement and a restructuring of the payment schedule (the "Forbearance Agreement")[3].

12.    The Forbearance Agreement precluded Global Gold from enforcing certain provisions of the contracts, conditioned on Respondents strict compliance with the newly formed payment schedule. *See id* at 1-3. The temporary stay on the enforcement of the agreements included a prohibition to enforce the confession to an arbitration award clause delineated in the Amended JM Agreements. *See id*.

---

[1] A true and correct copy of the JM Agreement dated December 2, 2011, is annexed to the Declaration of Solomon A. Frager dated May 25, 2018 ("Frager Decl.) as Exhibit 1.

[2] A true and correct copy of the Amended JM Agreement dated April 13, 2002, and the Second Amended JM Agreement dated November 28, 2012, is annexed to the Frager Decl. as Exhibit 2.

[3] A true and correct copy of the Forbearance Agreement dated May 22, 2013, is annexed to the Frager Decl. as Exhibit 3.

13. However, the Respondents failed to abide by the terms of the forbearance agreement, which inevitably lifted the stay imposed by the agreement. Since the temporary stay imposed by the Forbearance Agreement was lifted, Global Gold sought the enforcement of the arbitration confession provision and ultimately engaged the American Arbitration Association International Center for Dispute Resolution and Arbitrator Strick in this regard. Global Gold represented itself and Mr. Ulander represented Amarant and Alluvia.

## ARBITRATOR STRICK'S AUGUST 12, 2013 PARTIAL FINAL AWARD

14. On August 12, 2013, Arbitrator Strick issued a Partial Final Award which was "in full and complete settlement of the confession of arbitral award request for a liquidated amount.[4]"

15. Arbitrator Strick determined that Global Gold had met its burden of proof and persuasion with respect to its request for a confession of arbitral award. *See id* at 2. Arbitrator Strick also noted that Amarant and Alluvia (collectively referred to as "Respondents") were provided a full opportunity to put on a defense as to the confessed arbitral award, but did not present one. *See id.*

16. In light of his determination, Arbitrator Strick issued the following relief:

1. Respondents, joint and severally, must pay Claimant as of August 15, 2013 the sum of $2,512,312 plus 12% interest on the liquidated principal and its costs in pursing this arbitration;

2. As ordered on July 29, 2013 each of Respondents Amarant and Alluvia shall continue to be enjoined from alienating any assets or performing or entering any transactions which would have the effect if alienating assets pending payment of $2,512,312 to Claimant;

---

[4] A true and correct copy of the Partial Final Award issued by Arbitrator Stephen S. Strick on August 12, 2013, is annexed to the Frager Decl. as Exhibit 4.

- 4 -

   3. As ordered on August 6, 2013, Respondents will provide all records of financial transactions, financial statements, and all financing documents in connection with determining whether Respondents have complied with the July 29, 2013 Order or have diverted funds which could have been used to pay Claimant. Respondents shall immediately tender to Claimant copies of all documents related to the IGE Resources stock sale and related transactions as well as documents relating to the institutions from which Respondents have represented payment would issue including but not limited to: Mangold, Credit Suisse, HSBC, Volksbank, Loyal Bank, Danskebank, NSBO, the "offtaker," and Clifford Chance escrow accounts.

   4. This Order is without prejudice to additional claims to be administered in further proceedings of this arbitration

   5. The Parties are to work together and proceed with document exchanges, a joint stipulation of facts and exhibits, and other pre-hearing matters related to further proceedings in this arbitration and file a status report as to all matters on or before Wednesday August 14, 2013.

*See id* at 4-5.

### ARBITRATOR STRICK'S JUNE 25, 2014 FINAL AWARD

17.   On or about May 12, 2014, after the issuance of the Partial Final Award, the parties entered into a Settlement Agreement[5].

18.   However, the Respondents failed to abide by the terms of the Settlement Agreement, and Global Gold was again forced to engage Arbitrator Strick.

19.   On June 25, 2014, Arbitrator Strick issued a "Final Award.[6]" In the award, Arbitrator Strick determined that Respondents materially breached both the directives of the Partial Final Award and the terms of the Settlement Agreement dated May 12, 2014, by failing to

---

[5] A true and correct copy of the Settlement Agreement dated May 12, 2014, is annexed to the Frager Decl. as Exhibit 5.

[6] A true and correct copy of the Final Award issued by Arbitrator Stephen S. Strick on June 25, 2014, is annexed to the Frager Decl. as Exhibit 6.

make payments, losing the rights to the Chilean gold mining property, and refusing to produce documents. *See id* at 2.

    20.    In light of his determination, Arbitrator Strick issued the following relief:

1. Respondents shall, jointly and severally, immediately pay to Claimant Global Gold Corporation the sum of $16,800,000, plus 12% interest and its costs and any legal fees incurred by it in connection with this arbitration proceeding.

2. Per my previous orders issued in this matter, each of Amarant and Alluvia, including its officers and agents, individually (including without limitation Johan Ulander), shall continue to be enjoined, directly and indirectly, from alienating any assets, from transferring or consenting to the transfer of any shares or performing or entering any transactions which would have the effect of transferring or otherwise disposing of their assets pending payment to Global Gold.

3. Each of Amarant and Alluvia, including its officers and agents (including without limitation Johan Ulander) shall provide to Claimant, within 5 business days from the date hereof, all contracts, draft agreements, emails, records of financial transactions, financial statements, and all other documents in connection with their business affairs relating to the issue of whether Respondents have diverted funds which could have been used to pay Global Gold. Respondents shall specifically provide all documents related to Gulf Resource Capital, Amarant Finance, the IGE Resources stock sale and related transactions as well as documents related to the institutions from which Respondents have represented payment would issue including but not limited to: Mangold, Swedebank, Jool Capital, Skandinavska Bank, Credit Suisse, HSBC, Volksbank, Loyal Bank, Danskebank; NSBO, the "offtaker," and Clifford Chance escrow account. Respondents shall execute any documents reasonably necessary or required by any institution to give Claimant access to the foregoing information and documents.

4. The administrative fees and expenses of the International Centre for Dispute Resolution ("ICDR") totaling $11,450.00 and the compensation and expenses of the arbitrator totaling

>$28,706.25 shall be borne by Respondents. Therefore, Respondents shall reimburse Claimant the sum of $40,156.25, representing said fees, expenses, and compensation previously incurred by Claimant, upon demonstration by Claimant that these incurred costs have been paid in full.  Claimant shall *also* be entitled to receive, and Respondents shall pay to Claimant, sums expended by Claimant for its attorney's fees in the amount of $5,630.

*See id* at 2-3

21. Respondents did not and have not complied with the Final Award, which has damaged Petitioner. Respondents specifically damaged Petitioner by wrongfully transferring assets without paying Petitioner monies owed as directed in the Final Award.

### FIRST CAUSE OF ACTION
### (BOTH THE PARTIAL FINAL AWARD AND THE FINAL AWARD SHOULD BE CONFIRMED)

22. Global Gold repeats and realleges each and every allegation set forth above as if incorporated herein.

23. Global Gold properly commenced the instant proceeding seeking confirmation of both Arbitrator Strick's Partial Final Award dated August 12, 2013, and his Final Award dated June 25, 2014.

24. The Federal Arbitration Act provides that any party to an arbitration may apply to a district court to confirm the award.  *See*, 9 U.S.C. § 9.

25. Petitioner demands that this Court confirm the Partial Final Award and Final Award of Arbitrator Stephen S. Strick in its entirety.

### SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)

26. Global Gold repeats and realleges each and every allegation set forth above as if incorporated herein.

27. The Amended JM Agreement explicitly delineated an Arbitration confession clause whereas Respondents agreed as follows: "Lastly, in the event that Amarant fails to make any payments hereunder on a timely basis, it hereby confesses to an arbitral award as to the unpaid amounts and the parties authorize the entry of such an arbitral award pursuant to the American Arbitration Association arbitration clauses previously agreed.[7]"

28. Despite the issuance of the Partial Final Award and subsequent Final Award by Arbitrator Strick, Respondents, in violation of the Amended JM Agreements, have failed to comply or fulfill the Orders as set forth in the awards.

29. By reason of Respondents breach of contract, Global Gold has been damaged as specified in the Partial Final Award and Final Award, and is entitled to the relief described in the Awards

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing and the reasons set forth in the accompanying Memorandum of Law and Frager Decl., with Exhibits, the petitioner respectfully requests that the August 12, 2013 Partial Final Award and June 25, 2014 Final Award of Arbitrator Stephen S. Strick should be confirmed by this Court and demands judgement as against the Respondent for Breach of Contract.

Dated: May 29, 2018                     Respectfully Submitted,

_____

Jonathan B. Nelson
Solomon Frager
**Dorf & Nelson LLP**
555 Theodore Fremd Avenue
Rye, New York 10580
Tel. 914-381-7600

---

[7] *See* Exhibit 2.

- 9 -

Fax. 914-381-7608
jnelson@dorflaw.com
sfrager@dorflaw.com

*Attorneys for Petitioners Global Gold
Mining LLC and Global Gold Corporation*